Filed 2/29/24  Rowan v. Hilliard CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| MARY ANN ROWAN, as trustee, etc., et al., <br><br> Plaintiffs, Cross-defendants, and Appellants, <br><br> v. <br><br> CARL B. HILLIARD, as trustee, etc., et al., <br><br> Defendants, Cross-complainants, and Respondents. | D081687 <br><br><br> (Super. Ct. No. 37-2018-00006776-CU-BC-CTL) |

APPEAL from a postjudgment order of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Reversed and remanded with directions.

Blackmar, Principe & Schmelter and Timothy D. Principe; Ronald W. Noya for Plaintiffs, Cross-defendants and Appellants.

Briggs Law Corporation, Cory J. Briggs and Janna M. Ferraro for Defendants, Cross-complainants and Respondents.

Plaintiffs, cross-defendants and appellants Mary Ann Rowan and Drew F. Sprague, trustees of The Sprague and Rowan Living Trust dated August

30, 2000, appeal a postjudgment order denying their motion for Civil Code[1] section 1717 attorney fees following a bench trial on their lawsuit against defendants, cross-complainants and respondents Carl B. Hilliard, Jr. and Sharon E. Hilliard, as trustees of The Hilliard Family Trust Number One UTD dated September 26, 1991. Plaintiffs' action arose from defendants' placement of a flag pole allegedly exceeding a height limitation contained in recorded declarations of restrictions (the declaration or at times CC&R's).[2] After plaintiffs prevailed in that action, the trial court, interpreting the declaration, denied plaintiffs their requested attorney fees on the ground that the attorney fee clause—providing that the court in the event of a legal action to enforce the agreement "shall have the authority to award the prevailing party reasonable attorneys' fees"—was not mandatory, but conferred discretion on the court whether to award fees.

Plaintiffs contend the court erred in its interpretation of the declaration's attorney fee clause, including by rewriting its operative mandatory language to be permissive. They further contend the court erred by refusing to find defendants were judicially estopped from contesting their entitlement to attorney fees based on the position defendants took on the

---

[1] Undesignated statutory references are to the Civil Code.

[2] There were two declarations of restrictions, one recorded in March 1980, containing the height restriction for structures, and the other in April 1980, reciting that a corporation was the record owner of the properties at issue and agreed to be bound by the March 1980 declaration as if it had been a party and signatory to it. Plaintiffs' declaratory relief action and defendants' cross-complaint sought determinations concerning the enforceability of both declarations. (*Rowan v. Hilliard* (Sept. 22, 2020, D075779) [nonpub. opn.].) For ease, we refer to them collectively as the declaration.

2

issue after they prevailed on summary judgment, before this court reversed that judgment in plaintiffs' prior appeal. (*Rowan v. Hilliard, supra,* D075779.) Plaintiffs finally contend that even if the court had discretion, it abused it by declining to award them attorney fees as prevailing parties on the contract. We agree this is an appropriate case to apply judicial estoppel for defendants' wholly inconsistent positions on the meaning of the declaration's attorney fee clause. We further conclude that even if judicial estoppel did not apply, and the declaration's attorney fee clause gave the lower court discretion on the issue, it abused that discretion by declining to award plaintiffs reasonable attorney fees given their unqualified win. Accordingly, we reverse the order and remand with directions that the court conduct further proceedings so as to award plaintiffs reasonable attorney fees.

FACTUAL AND PROCEDURAL BACKGROUND

Because the sole issue on appeal involves the court's postjudgment order denying attorney fees, we need not summarize in detail the trial evidence. In 2018, plaintiffs sued defendants seeking a judicial declaration of the declaration's enforceability so as to resolve the controversy over the parties' rights and duties. They also sued for breach of contract, claiming defendants had refused to comply with a mandatory height limitation within the declaration and sought permanent injunctive relief ordering defendants to lower or remove the flagpole. Plaintiffs' operative pleading was their second amended complaint. Defendants cross-complained for declaratory relief and quiet title. They sought to cancel the declaration.

On the parties' cross motions for summary judgment, the trial court—then Judge Richard S. Whitney—granted summary judgment in defendants' favor and deemed them the prevailing parties. Defendants moved for an

3

award of attorney fees, asserting that under the declaration's attorney fee provision, they were "legally entitled to be made whole under . . . section 1717."[3]  The provision, paragraph No. 15 of the declaration, states:  "<u>Binding Effect and Attorneys' Fees</u>.  This Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the parties hereto, for the benefit of the benefited property, and in the event either party is required to bring legal action to enforce or interpret this agreement, the court shall have authority to award the prevailing party reasonabl[e] attorney[ ] fees."  Defendants argued, "It is without question, Paragraph [No.] 15 constitutes a prevailing party attorney fees provision.  It expressly denotes the existence of an agreement by the plain reference to 'this Agreement.'  Paragraph [No.] 15 further describes that the scope of any legal action may involve the enforcement or interpretation of the CC&R[']s.  This case involved both.  Despite the fact the underlying CC&R[']s were found to be void and unenforceable, this action involved [plaintiffs'] attempt to enforce the CC&R[']s coupled with the legal interpretation of whether the CC&R[']s were simply a private contract, or a binding covenant that ran with the land under

---

[3]     Section 1717, subdivision (a), provides in part:  "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.  [¶]  Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract."  "Section 1717 gives rise to a reciprocal right to contractual attorney fees to all parties enforcing a contract, even where the contract accords a right to such fees to one party but not the other."  (*Rideau v. Stewart Title of California, Inc.* (2015) 235 Cal.App.4th 1286, 1296.)

. . . section 1468. Either way, under the above case law, the action was 'on the contract' which meant the prevailing party was entitled to the contractual attorney's fees." Defendants argued that because the court granted their summary judgment motion, they were the prevailing parties, and stated, "When one party obtains a simple, unqualified win, a court may not deny fees based on equitable considerations *or other grounds*." (Italics added.) They asked the court to grant their attorney fees motion, asserting, "This [c]ourt has already found the [defendants] were the prevailing part[ies]."

Plaintiffs filed a nonopposition to the motion, stating they sought to cap the fees at the requested amount and avoid the potential for additional fees. Noting that, the court granted defendants' motion.

Following plaintiffs' appeal, this court reversed the summary judgment. Thereafter, the trial court—now Judge Timothy Taylor—in a bench trial ruled in plaintiffs' favor on their claim for declaratory relief and found them to be the prevailing parties entitled to file a cost memorandum. Its ruling stated, "The unusual attorneys' fee provision contained in paragraph [No.] 15 . . . may be the subject of future motion practice." The ensuing judgment awarded plaintiffs costs and authorized them to file an attorney fee motion.

Plaintiffs then moved for $328,120.43 in attorney fees under section 1717, observing that defendants had earlier taken the position that the declaration's attorney fee clause " 'constitutes a prevailing party attorney fees provision,' " authorizing an award of fees to the prevailing party. Plaintiffs pointed out defendants did not challenge the provision's clarity or syntax, and plaintiffs did not dispute its applicability and validity.

In opposition, defendants argued that an award of attorney fees was not mandatory under the express terms of the declaration; that assuming a legal basis to fees, the court had "broad discretion on whether to award any

5

attorney fees" as well as authority to decide whether the requested fees were unreasonable, excessive and unnecessary. Specifically, they argued: "Plaintiffs readily admit and this [c]ourt has recognized the underlying March 1980 [d]eclaration . . . lacks mandatory language requiring the imposition of an attorney fee award. Instead, the [declaration] merely affords this [c]ourt discretion to award attorney's fees, stating 'the [c]ourt shall have *the authority* to award the prevailing party reasonabl[e] attorneys' fees.' . . . The [declaration] affords this [c]ourt the 'authority' to consider a fee award. However, the language in the [declaration] does not contain the word 'shall' to mandate fees as an absolute contract right. This [c]ourt is not bound to award attorney fees, it simply has the discretionary authority to do so." Defendants also argued plaintiffs did not show certain fees were reasonable or necessary to the litigation, and other fees and costs were improper.

In reply, plaintiffs maintained defendants were judicially estopped from contesting plaintiffs' entitlement to attorney fees given defendants' prior position in seeking and obtaining attorney fees on the same attorney fees provision before this court reversed the matter. Citing *Jones v. Union Bank of California* (2005) 127 Cal.App.4th 542 (*Jones*), they argued "[w]here a party obtains a fee award and the judgment is thereafter reversed, the party is judicially estopped from contesting the opposing party's entitlement to fees under the same fees clause."

The trial court denied the motion. Ruling a "party's entitlement to attorney fees under an agreement 'begins and ends with the language of the attorney fee clause,' " it agreed the language of the fee clause conferred

6

discretion rather than making the award mandatory.[4]  The court exercised its discretion to have the parties bear their own attorney fees, finding that outcome reasonable "[g]iven the length, history, and issues involved in th[e] litigation . . . ."  The court observed it had sorted out "overlapping and inconsistent evidentiary presumptions" and the case presented "thorny issues regarding restrictions on the free use of property and the competing right to restrict such uses in favor of harmonious neighborly relations."  It ruled "justice suggests the wisdom of the default rule: each side bears his/her/its own attorneys' fees."

The court further rejected plaintiffs' claim of judicial estoppel, ruling the doctrine applied only when the party asserting an inconsistent position was successful and reasoning that defendants were not successful in enforcing the fee clause, as the prior reversal on appeal eliminated that fee award.  The court found the record and the prior judge's ruling on attorney

---

[4]     The court reasoned:  "Here, replacing 'shall' with 'has a duty to' or 'is required to' would render the phrase 'have authority to' redundant and meaningless:  '[T]he court [has a duty or is required to] have authority to award the prevailing party reasonable attorney fees.'  . . .  Instead, 'shall' is better read in the attorney fees clause as 'will,' which the court finds to be permissive."  It further stated giving the word "shall" a mandatory meaning "would produce absurd results."  "Such a construction would require the elimination of the 'have authority to' phrase . . . to reach the intent plaintiffs think the clause carries.  The court is not at liberty to excise words in this manner."

7

fees made it impossible to discern if the earlier award was completely inconsistent with the position defendants presently asserted.[5]

Plaintiffs appeal from the court's postjudgment order.

DISCUSSION

I. *Standard of Review*

Normally, we review for abuse of discretion an order denying a motion for attorney fees. (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751; *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 148.) But the " ' "determination of the legal basis for an award of attorney fees" is a "question of law" which the reviewing court will examine de novo.' " (*Medina v. South Coast Car Co., Inc.* (2017) 15 Cal.App.5th 671, 683; *Mountain Air*, at p. 751.) Here, there is no reasonable dispute plaintiffs were the prevailing parties, nor is there any dispute the claims on which they prevailed fall within the scope of the fee agreement; the court's ruling turned on the legal question of whether the declaration's attorney fee provision gave it discretion to deny the prevailing plaintiffs an award of contractual attorney fees.

---

[5] More fully, the court's ruling on judicial estoppel states: "While [plaintiffs' judicial estoppel] argument might have some appeal with respect to the 'limited to the original contracting parties' argument, the court does not find an estoppel to have arisen on the entitlement[-]to[-]fees issue. . . . [J]udicial estoppel only applies when the party has been successful in advancing the inconsistent position. Here, the earlier appellate reversal washed away the fee award in favor of defendants, so they were not successful in enforcing the fee shifting clause . . . . Moreover, Judge Whitney's ruling on that motion . . . was just a few sentences; it is impossible to tell whether he considered the fee provision mandatory or discretionary (and if the latter, why he exercised his discretion the way he did). So it is impossible to discern if the earlier award was completely inconsistent with the position the [defendants] now assert."

8

We do not reach that question. As we explain, defendants' inconsistent positions on the meaning and import of the contractual attorney fee provision estops them from challenging plaintiffs' entitlement as the prevailing parties to an award of reasonable attorney fees.

II. *Judicial Estoppel: Legal Principles and Standard of Review*

" ' "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." [Citation.] This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." ' " (*Zedner v. U.S.* (2006) 547 U.S. 489, 504; see also *New Hampshire v. Maine* (2001) 532 U.S. 742, 749.) The decision to apply the doctrine, which cannot be reduced to a precise formula or test, is informed by several factors: "First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position . . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." (*Zedner*, at p. 504; see also *MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.* (2005) 36 Cal.4th 412, 422 [" ' " 'Judicial estoppel precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position' " ' "].)

Our California Supreme Court states these factors thusly: " 'The doctrine [most appropriately] applies when: "(1) the same party has taken

9

two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." ' [Citations.] [¶] ' " 'The doctrine's dual goals are to maintain the integrity of the judicial system and to protect parties from opponents' unfair strategies. [Citation.]' " ' [Citation.] Consistent with these purposes, numerous decisions have made clear that judicial estoppel *is an equitable doctrine,* and its application, even where all necessary elements are present, is discretionary." (*MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.*, *supra*, 36 Cal.4th at p. 422.) Given that the doctrine "is designed to protect the integrity of the legal system as a whole" it "does not require a showing of detrimental reliance by a party." (*People v. Castillo* (2010) 49 Cal.4th 145, 156; see also *AP-Colton LLC v. Ohaeri* (2015) 240 Cal.App.4th 500, 508.) Nor does judicial estoppel require prejudice, or bad faith on the part of the party asserting its positions. (*DotConnectAfrica Trust v. Internet Corp. for Assigned Names and Numbers* (2021) 68 Cal.App.5th 1141, 1158; *Levin v. Lignon* (2006) 140 Cal.App.4th 1456, 1470, fn. 8.)

"[W]e independently review whether judicial estoppel is proper on the record evidence. 'If the elements for judicial estoppel are present, whether to apply the doctrine is within the trial court's discretion, which we review for an abuse of discretion.' " (*Filtzer v. Ernst* (2022) 79 Cal.App.5th 579, 583-584, quoting *DotConnectAfrica Trust v. Internet Corp. for Assigned Names and Numbers*, *supra*, 68 Cal.App.5th at p. 1158.)

10

### III. *Contentions*

Plaintiffs contend defendants are subject to judicial estoppel because they took "two diametrically opposed positions in this same case as to whether Paragraph [No.] 15 is a standard 'prevailing party attorney fees provision' that 'entitled' the prevailing party to an award under [s]ection 1717 . . . , the trial court adopted their earlier position that they were entitled to such an award themselves . . . , their positions are irreconcilable, and neither was taken by mistake." Plaintiffs acknowledge that defendants' attorney fee award fell with our appellate reversal, but they again maintain *Jones*, *supra*, 127 Cal.App.4th 542, holds that following such a reversal, the party who beforehand obtained a fee award is judicially estopped from contesting the opposing party's entitlement to fees under the same fee clause.

Defendants do not address *Jones supra*, 127 Cal.App.4th 542. They counter that they were not successful in asserting the first position given plaintiffs' nonopposition below and our reversal, which extinguished the fee order. They adopt Judge Taylor's reasoning that it was impossible to tell whether Judge Whitney considered the fee provision mandatory or discretionary and thus " 'it is impossible to discern if the earlier award was completely inconsistent with the position [defendants] now assert.' " Defendants argue they did not take totally inconsistent positions, asserting they did not argue the fee provision was mandatory, but only relied upon section 1717's mutuality of remedy. According to them, the declaration is not

11

mutual or reciprocal as it only benefits plaintiffs' property, and thus the two judges reasonably exercised their discretion differently.[6]

IV. *Judicial Estoppel Bars Defendants from Arguing the Fee Provision Does Not Mandate Reasonable Attorney Fees to the Prevailing Plaintiffs*

We agree that under basic principles of judicial estoppel and its underlying policies, defendants cannot now challenge plaintiffs' entitlement to reasonable attorney fees under the declaration's attorney fee clause. Before our reversal on appeal, defendants succeeded in convincing Judge Whitney to grant their attorney fee motion after expressly arguing that the fee clause was a prevailing party attorney fee provision requiring an award of reasonable fees to them as the prevailing parties. They argued the court could not deny fees "on equitable considerations or other grounds" to a party, like them, who had "obtain[ed] a simple, unqualified win . . . ." There is no claim here that the position defendants took was somehow based on inadvertence or a mistake.

Defendants' success on that point was not diminished by plaintiffs' filing of nonopposition to the motion, which was done not on the merits, but to cap the fees incurred. Nor was it diminished by this court's reversal of the judgment, which was not on any ground relating to entitlement to attorney

---

[6]    Defendants lastly point out plaintiffs raised judicial estoppel below in their reply brief such that defendants did not have a meaningful opportunity to fully respond. In their moving papers, plaintiffs pointed out defendants "had no trouble with clarity or syntax" of the declaration's attorney fee provision when they argued they were entitled to prevailing party attorney fees. Plaintiffs then raised judicial estoppel in response to defendants' new, changed position in opposition to plaintiffs' fee motion that "an award of attorney's fees is not mandatory under the express terms of the applicable [d]eclaration," but merely gave the trial court "broad discretion" to decline to award any attorney fees. To the extent defendants mean to assert a forfeiture argument, we reject it.

fees.  On this record, there is no doubt defendants " 'succeeded in persuading a court to accept [its] . . . earlier position.' " (*Zedner v. U.S.*, *supra*, 547 U.S. at p. 491; see also *MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.*, *supra*, 36 Cal.4th at p. 422.)

The policy behind the success element is to avoid the risk of inconsistent court determinations and the threat to judicial integrity.  (See *Estate of Martino* (2023) 96 Cal.App.5th 596, 643; *Minish v. Hanuman Fellowship* (2013) 214 Cal.App.4th 437, 448 [doctrine is designed to prevent litigants from gaining an "advantage by asserting one position [in litigation], and then seeking a second advantage by asserting an incompatible position"]; *Levin v. Ligon*, *supra*, 140 Cal.App.4th at p. 1468.)  Preventing litigants from " ' " ' "playing 'fast and loose with the courts' " ' " ' " (*Minish*, at p. 449) in this fashion " ' "protect[s] parties from opponents' unfair strategies" ' " and serves to " ' "maintain the integrity of the judicial system." ' " (*Aguilar v. Lerner* (2004) 32 Cal.4th 974, 986; *Levin*, at p. 1468.)  It undermines judicial integrity for the court to award fees to defendants based on their unqualified argument that the fee clause "without question" requires them as the prevailing party to recover their reasonable fees (i.e., the court "may not deny fees [to the prevailing party] based on equitable considerations or other grounds"), but then to deny fees to plaintiffs on grounds the fee clause does not require an award of fees to them, even though they prevailed in an unqualified win.  These contrary positions are such that " ' "one necessarily excludes the other." ' " (*Estate of Martino*, at p. 643 [but rejecting application of doctrine]; accord, *DotConnectAfrica Trust v. Internet Corp. for Assigned Names and Numbers*, *supra*, 68 Cal.App.5th at p. 1159 [upholding application of doctrine where position, " '[w]e cannot sue in court' " was "the opposite of 'we can sue in court' "].)  That defendants took a legal position concerning the

13

interpretation of the declaration's attorney fee clause does not preclude the doctrine's application. (See *Levin*, at pp. 1468-1469 [rejecting categorical rule for application of judicial estoppel that contrary positions taken must be factual]; *City of Hope National Medical Center v. Genentech, Inc.* (2008) 43 Cal.4th 375, 395 [interpretation of a written instrument is solely a judicial function when it is based on the words of the instrument alone].)

We do not accept defendants' argument that their attorney fee request was based on the mutuality of remedy under section 1717, and thus they did not take two totally inconsistent positions. They say they "did not argue that the [declaration's] fee provision was mandatory." We have set forth above defendants' arguments to the trial court and disagree with this characterization. It is inconsistent to argue on the one hand that the nature of the clause is such that the court cannot deny them fees as prevailing parties under it, and then to argue on the other when it benefits them that its language grants the court discretion to not award fees to the undisputedly prevailing plaintiffs. It does not help defendants to argue the declaration's restrictive covenant is not mutual (benefitting plaintiffs but not them) such that it was reasonable for two different courts to make different rulings as to attorney fees. Contractual attorney fees did not turn on the nature of the restrictive covenant in the agreement, but on whether the fee provision authorized an award to a prevailing party. It is of no moment to the question of judicial estoppel that defendants argued they were entitled to fees when they prevailed on grounds the contract was unenforceable.

We also reject defendants' contention about the prior court's cursory ruling making it "impossible to discern if the earlier award was completely inconsistent with the position [they] now assert." The question is not whether the court's reasoning in its earlier fee award was inconsistent with

14

defendants' position, it is whether the award indicates the court adopted defendants' inconsistent argument in the prior proceeding. Here, it clearly did, as it awarded defendants prevailing party attorney fees in the face of that argument. To the extent the trial court concluded otherwise, it abused its discretion.

Though defendants do not discuss *Jones*, we agree it is apposite. In *Jones*, borrowers defaulted on a debt to a bank on a loan secured by a trust deed on property known as the Peppertree parcel. (*Jones*, *supra*, 127 Cal.App.4th at pp. 544-545.) The parties entered into a forbearance agreement and extension with attorney fee clauses,[7] but ultimately a trustee conducted a nonjudicial foreclosure sale on the Peppertree property. (*Id*. at p. 545.) When the borrowers discovered a problem with the trustee that had foreclosed, they sued the bank and trustee, among others, to vacate the foreclosure sale and for quiet title. (*Ibid*.) The bank cross-complained. (*Ibid*.) The court ruled in the borrowers' favor, and awarded them $450,000 prevailing party attorney fees on their motion. (*Id*. at p. 546.)

The Court of Appeal later reversed the judgment, holding the trial court should have reformed the documents to place the correct trustee for the sale. (*Jones*, *supra*, 127 Cal.App.4th at p. 546.) The trial court on remand reformed the documents and declared the foreclosure sale valid, and ruled the bank had acquired title. (*Ibid*.) The bank moved for attorney fees, and a different superior court judge awarded it $1 million. (*Ibid*.)

---

7    The forbearance agreement provided in part: " 'In any action between the parties seeking enforcement of this Forbearance Agreement, . . . or in connection with the Peppertree property, . . . the prevailing party in such action shall be awarded . . . its reasonable attorneys' fees.' " (*Jones*, *supra*, 127 Cal.App.4th at p. 545.) The extension agreement contained a similar provision for attorney fees in any action " 'in connection with the Peppertree Property . . . .' " (*Ibid*.)

15

On appeal from the attorney fee award, the borrowers argued the award (1) was precluded by antideficiency legislation; (2) strictly limited by law to under $40,000; and (3) precluded by the appellate court's prior opinion in a separate action.[8] (*Jones, supra*, 127 Cal.App.4th at pp. 546-548.) The Court of Appeal rejected the contentions. As to the latter, it acknowledged its prior opinion had stated the borrower's action was not "on the contract," but that the statement was dicta. (*Id.* at p. 548.) It continued: "Moreover, the attorneys' fees provisions at issue here are broader than actions on the contract. They include any action between the parties 'in connection with the Peppertree property. . . .' Such provisions are enforceable according to their terms." (*Ibid.*) The court further concluded that the "prior successful motion for attorneys' fees in the same action estops [the borrowers] from claiming Bank has no right to the fees." (*Jones*, at p. 548.)

We do not view *Jones*'s conclusion as dictum. (See *People v. Rolon* (2008) 160 Cal.App.4th 1206, 1214-1215 [" ' "When an appellate court bases its decision on alternative grounds, none is dictum" ' "].) It supports our view that a prior appellate reversal does not preclude application of judicial estoppel where a party, as defendants did here, succeeded in convincing the lower court to adopt their position. Defendants are properly precluded from arguing that section 1717 does not allow for an award of fees to plaintiffs

---

8      The prior appellate opinion was issued on appeal from an action brought in Los Angeles Superior Court. That action challenged foreclosures on other properties used as collateral for the extensions so as to satisfy the balance of the borrowers' debt to the bank. (*Jones, supra*, 127 Cal.App.4th at p. 545.) In it, the borrowers alleged the nonjudicial foreclosure of the Peppertree property precluded foreclosure of the other properties. (*Ibid.*) The borrowers lost that appeal, which was affirmed by the Court of Appeal and Supreme Court. (*Ibid.*) The borrowers' second action was brought in Ventura County. (*Ibid.*)

under the very same attorney fee provision. In sum, this is a clear case where judicial estoppel must apply, warranting reversal of the order denying plaintiffs reasonable attorney fees.

V. *The Court Abused its Discretion in Any Event by Not Awarding Reasonable Attorney Fees to the Prevailing Plaintiffs*

Even if we were to reject application of judicial estoppel and also accept defendants' argument that the declaration's attorney fee clause gave the trial court discretion to award or not award attorney fees, we would nevertheless conclude it abused its discretion by denying the prevailing plaintiffs such an award. Though defendants try to argue the court had broad discretion to determine there was no prevailing party, the circumstances did not permit it to exercise its discretion in such a manner. The court expressly and correctly found plaintiffs prevailed. This was not a "mixed" result situation, or a circumstance where plaintiffs did not achieve a "complete victory," giving the court discretion to determine whether plaintiffs or defendants prevailed, or whether there was no prevailing party. (See *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968, 973 [" 'If neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees.' [Citation.] . . . [A] party who obtains an unqualified victory on a contract dispute, including a defendant who defeats recovery by the plaintiff on the plaintiff's entire contract claim, is entitled as a matter of law to be considered the prevailing party for purposes of section 1717. [Citation.] But 'when the results of the [contract] litigation are mixed,' the trial court has discretion under the statute to determine that no party has prevailed"]; *Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109 ["If neither party achieves a

17

complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees"].)

It is settled that "when the results of the litigation on the contract claims are *not* mixed—that is, when the decision on the litigated contract claims is purely good news for one party and bad news for the other— . . . a trial court has no discretion to deny attorney fees to the successful litigant. Thus, when a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under section 1717 as a matter of law. [Citations.] Similarly, a plaintiff who obtains all relief requested on the only contract claim in the action must be regarded as the party prevailing on the contract for purposes of attorney fees under section 1717." (*Hsu v. Abarra* (1995) 9 Cal.4th 863, 875-876; see also *Marina Pacifica Homeowners Assn. v. Southern California Financial Corp.* (2018) 20 Cal.App.5th 191, 201.)

In denying plaintiffs an award of attorney fees, the trial court focused on the procedural history of the case, as well as what it believed was the challenging nature of the trial issues. It observed that "[a]nother judge felt summary judgment was appropriate . . . in defendants' favor" and the case had been appealed once. It reasoned: "There are overlapping and inconsistent evidentiary presumptions which must be sorted out (and the court tried to do its best to do so despite having little more to work with after the trial than what was available at the summary judgment stage). The case presents thorny issues regarding restrictions on the free use of property and the competing right to restrict such uses in favor of harmonious neighborly relations. In these circumstances, justice suggests the wisdom of the default

18

rule: each side bears his/her/its own attorneys' fees." That reasoning is flawed. The procedural history is not pertinent where the court in the present matter decided that plaintiffs had prevailed. And the difficulty of the case (even if we were to accept that the issues were difficult or complex) does not take away from plaintiffs' unqualified win. Rather, in our view, that circumstance would give the court all the more reason to award the prevailing plaintiffs reasonable attorney fees in securing that success. In reaching this conclusion, we express no opinion on the amount of reasonable attorney fees that the court in its discretion may award.

## DISPOSITION

The postjudgment order denying attorney fees to plaintiffs Mary Ann Rowan and Drew F. Sprague, trustees of The Sprague and Rowan Living Trust dated August 30, 2000 is reversed. The matter is remanded to the trial court with directions to conduct further proceedings to award plaintiffs a reasonable amount of attorney fees. Plaintiffs shall recover their costs on appeal.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

KELETY, J.

19